IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THURMAN FULLER, et al.                                                                PLAINTIFFS

v.                                    Case No. 1:19-cv-1020

LION OIL TRADING &
TRANSPORTATION, LLC                                                                    DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed September 9, 2019, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 28). Judge Bryant recommends that the Court deny Plaintiffs' pending motion for class certification. Plaintiffs have not filed objections to the Report and Recommendation, and the time to object has passed. *See* 28 U.S.C. § 636(b)(1).

Also before the Court is Plaintiffs' motion for extension of time to respond. (ECF No. 29). The Court finds that no response is necessary. The Court finds that the above-listed matters are ripe for consideration.

## I. BACKGROUND

On May 15, 2019, Plaintiffs, seven siblings who are each representing him or herself *pro se*, brought this action. Plaintiffs seek, *inter alia*, to recover unpaid royalties from Defendant that were allegedly paid to Plaintiffs' other siblings, who are not parties to this case. On August 14, 2019, Plaintiffs filed a motion for class certification, seeming to request that the Court certify a class consisting of themselves. (ECF No. 24). On August 28, 2019, Defendant responded, indicating that it opposes the motion.

On September 9, 2019, Judge Bryant issued the instant Report and Recommendation, in which he recommends that the Court deny Plaintiffs' motion for class certification. On September 25, 2019, Plaintiffs filed a motion seeking a sixty-day extension of time to respond to Defendant's opposition to their class certification motion. (ECF No. 29).

## II. DISCUSSION

As a preliminary matter, the Court wishes to note that Plaintiffs' motion for class certification and motion for extension of time were signed only by Plaintiff Clara Fuller. "Every pleading, written motion, and other paper must be signed by at least one attorney of record" or, alternatively, by every self-represented party filing the paper. Fed. R. Civ. P. 11(a). Additionally, the paper must state all signers' addresses, e-mail addresses, and telephone numbers. *Id.* Importantly, a *pro se* party cannot sign a document on behalf of another *pro se* party. *Alexander v. Medtronic, Inc.*, No. 2:12-CV-4104-NKL, 2012 WL 2049827, at *2 (W.D. Mo. June 6, 2012). An unsigned paper that violates Rule 11 must be stricken unless the omission is promptly corrected after being called to the attorney or party's attention. *Id.*

Plaintiffs' motion for class certification and motion for extension of time were docketed as filed by all Plaintiffs. However, only Plaintiff Clara Fuller, a non-lawyer as far as the Court can tell, signed the motions. She is not the other Plaintiffs' attorney and her own signature does not suffice for them for purposes of Rule 11(a).[1] Ordinarily in situations like this, the Court would direct the Clerk of Court to mail copies of the motions to all Plaintiffs who have not signed them and grant them an opportunity to sign and return the motions. *See Becker v. Montgomery*, 532 U.S. 757, 760 (2001) (noting that "Rule 11(a) permits [a litigant] to submit a duplicate containing

---

[1] In another filing, Plaintiff Clara Fuller states that she is Plaintiffs' "lead filer." (ECF No. 22, p.1). However, she cites no authority, and the Court is unaware of any, authorizing a *pro se* party to sign documents on behalf of *pro se* co-parties.

his signature" to remedy noncompliance with Rule 11(a)'s signature requirement). The Court will not do so in this instance because it would only serve to delay the resolution of the instant motions. As will be detailed below, the Court's analysis and rulings would be the same regardless of whether or not all Plaintiffs have signed the pending motions. However, Plaintiffs should ensure that all future filings in this case are signed by all Plaintiffs to avoid any further issues under Rule 11(a).

The Court will now address Plaintiffs' motion for an extension of time. Then the Court will take up Judge Bryant's Report and Recommendation.

**A. Motion for Extension of Time**

As discussed above, Plaintiffs request a sixty-day extension of time to "respond to Defendant's motion in opposition to [Plaintiffs'] motion to request class action certification." (ECF No. 29). They indicate that they have other, pending deadlines in cases filed in various jurisdictions throughout the country and, thus, need more time to research the issues in this case. Importantly, Plaintiffs do not request an extension of time to object to Judge Bryant's Report and Recommendation.

Defendant has not filed a motion opposing Plaintiffs' class certification motion but, rather, it filed a response brief opposing the motion. Thus, the Court construes the instant motion solely as seeking an extension of time to file a reply brief in further support of Plaintiffs' class certification motion. In the Western District of Arkansas, reply briefs are not allowed as a matter of right for any motion other than motions for summary judgment. Local Rule 7.2(b). Plaintiffs' class certification motion is not a summary judgment motion, so Plaintiffs are not entitled to file a reply brief unless the Court grants leave to do so. Plaintiffs have not provided the Court with a proposed reply brief, nor have they discussed what specifically in Defendant's response brief they

3

wish to address or what issues they need sixty days' time to research.  The Court sees no basis to grant Plaintiffs leave to file a reply brief and, thus, the Court declines to do so.

Even assuming *arguendo* that Local Rule 7.2(b) contemplated a reply brief in this situation and that leave from the Court is not required, the reply brief would have been due seven days after Defendant filed its response on August 28, 2019.  Plaintiffs did not file their reply or seek an extension of time to do so within that seven-day period.

Courts may accept late filings where the failure to timely file is the result of "excusable neglect."  Fed. R. Civ. P. 6(b).  Whether a party's failure to meet a deadline is excusable is an equitable determination, "taking account of all the relevant circumstances surrounding the party's omission."  *In re Harlow Fay, Inc.*, 993 f.2d 1351, 1352 (8th Cir. 1993).  In making this determination, the Court considers a number of factors, including:  (1) the danger of prejudice to the non-moving party; (2) the potential impact on the proceedings; (3) the reason for the delay, including whether it was within the party's control; and (4) whether the party acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993).  The reason given for the late filing is the most important consideration in determining whether there is excusable neglect.  *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

Plaintiffs have not discussed any of the above-listed factors and, most importantly, they have offered no reason why they did not raise the issue of a reply brief before now.  Accordingly, the Court cannot find excusable neglect to warrant granting Plaintiffs an extension of time to file a reply.

For the above-discussed reasons, the Court finds that Plaintiffs' motion for extension of time should be denied.  Because Plaintiffs have not requested an extension of time to object to Judge Bryant's Report and Recommendation, the Court will now address Judge Bryant's findings.

**B. Report and Recommendation**

On September 9, 2019, Judge Bryant issued the instant Report and Recommendation, in which he recommends that the Court deny Plaintiffs' motion for class certification. Specifically, Judge Bryant finds that certification of a class under Federal Rule of Civil Procedure 23 is appropriate only when the class is so numerous that joinder of all members is impracticable, and that Plaintiffs' motion concedes that "joinder of all plaintiffs is practical," which defeats their request. Thus, Judge Bryant concludes that the motion should be denied because Plaintiffs failed to demonstrate that Rule 23 class certification is proper in this case.

Plaintiffs have not filed objections to the Report and Recommendation and their time to object has passed. *See* 28 U.S.C. § 636(b)(1). The Court has reviewed the filings and agrees with Judge Bryant's recommendation that Plaintiffs' motion for class certification should be denied.

Class certification is governed by Federal Rule of Civil Procedure 23, which "does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Class certification is only proper if the Court, after conducting a "rigorous analysis," is satisfied that Rule 23's prerequisites are met. *Id.* at 350-51. Federal courts have broad discretion in deciding whether class certification is appropriate. *Professional Firefighters Ass'n of Omaha, Local 385 v. Zalewski*, 678 F.3d 640, 645 (8th Cir. 2012).

"To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b)." *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005). Rule 23(a)'s requirements are met if: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact are common to the class; (3) the representative parties' claims or defenses are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). If Rule 23(a)'s requirements are met, the movant must also show that it meets the definition of at least one type of class under Rule 23(b). *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010). Rule 23(b) allows a class action to be maintained when: (1) the prosecution of individual actions would create the risk of either inconsistent adjudications or adjudications for the actions of some members that, as a practical matter, dispose of or impair the ability of others to protect their own interests; (2) the party opposing the class has acted on generally the same or similar grounds with regard to the whole class, making relief appropriate to all members of the class; or (3) the court finds the questions of law or fact common to members of the class predominate over other questions affecting individual members, and the class action is superior to other methods for fair and efficient adjudication of the matter. Fed. R. Civ. P. 23(b).

As for Rule 23(a), Plaintiffs make conclusory statements that questions of law or fact are common to the putative class, that Plaintiffs' claims are typical of the putative class's claims, and that Plaintiffs will fairly and adequately protect the interests of the class. However, Plaintiffs offer no other discussion of the Rule 23(a) factors or how they are satisfied. As for Rule 23(b), Plaintiffs make the conclusory assertion that separate adjudications would create a risk of decisions that are inconsistent with or dispositive of other class members' claims. Again, however, Plaintiffs provide no further discussion or evidence supporting this conclusion.

The Court finds that Plaintiffs' conclusory assertions that Rule 23's requirements are satisfied are insufficient and, with no other argument or evidence, they have not carried their burden of affirmatively demonstrating that class certification is appropriate. *Dukes*, 564 U.S. at 350. Moreover, class certification is likewise inappropriate in this case because Plaintiffs appear

to seek to certify a class consisting solely of themselves,[2] which is unnecessary because they are all already named plaintiffs in this case. Thus, Plaintiffs can all currently litigate their claims against Defendant without need for class certification. Accordingly, the Court finds that Judge Bryant's Report and Recommendation should be adopted, and that Plaintiffs' class certification motion should be denied.

### III. CONCLUSION

For the above-stated reasons and upon *de novo* review, the Court adopts the Report and Recommendation (ECF No. 28) *in toto*. Plaintiffs' motion for class certification (ECF No. 24) and motion for extension of time (ECF No. 29) are hereby **DENIED**.

**IT IS SO ORDERED**, this 27th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] However, the Court cannot say this with complete certainty because Plaintiffs' class certification motion does not contain a proposed class description. It seems that the proposed class would consist solely of Plaintiffs because the motion states that "[t]here are seven plaintiffs . . . [and] [j]oinder of all plaintiffs is practical." (ECF No. 24). If Plaintiffs instead seek to certify a class consisting of individuals other than themselves, that would present another reason to deny class certification. Plaintiffs each proceed *pro se*, and "*pro se* litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise)." *Perkins v. Holder*, No. 13-CV-2874 (PAM/FLN), 2014 WL 755378, at *5 n.8 (D. Minn. Feb. 26, 2014) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) and *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *cf. Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity.").