IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THURMAN FULLER et al.

                                                                                                               PLAINTIFFS

vs.                                       Civil No. 1:19-cv-01020

LION OIL TRADING &
TRANSPORTATION, LLC.                                                      DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion for Summary Judgment. ECF No. 35. This Motion was filed on January 10, 2020. *Id.* Thereafter, Plaintiffs, who are proceeding *pro se*, were given the opportunity to respond.

After reviewing the Motion for Summary Judgment and accompanying briefing, the Court determined additional briefing was necessary on the statute of limitations because it appears Plaintiffs' claims are barred by the statute of limitations. *See* ECF No. 59. The parties were given until May 10, 2020, to provide this additional briefing. Defendant has provided that supplemental briefing; Plaintiffs have not timely complied. This matter is now ripe for consideration.

**1.**     **Background:**

On May 14, 2019, this lawsuit was filed by seven siblings who allege Defendant owes each of them royalties based upon mineral interests. *See* ECF No. 2. Plaintiffs' accusations are based upon the execution of leases and conveyances from the mid-1990s, over twenty-five years ago. Those leases and conveyances were recorded in the public records of Columbia County, Arkansas in 1993 and 1994. ECF No. 37-1, 37-2.

2. **<u>Applicable Law</u>:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to grant summary judgment in a case. Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c)(2). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the nonmovant bears the burden of proof at trial. *Id.* at 324. A mere scintilla of evidence in support of the non-movant's position is insufficient. *Anderson,* 477 U.S. at 252.

To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend, Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted). As stated in this rule, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." *Id.*

3. **<u>Discussion</u>:**

Upon review, the Court finds this case entirely is barred by the statute of limitations. The documents at issue in this case were publicly-filed documents from the mid-1990s. Any fraud claim

based on the execution of those documents is barred by Arkansas's three-year statute of limitations for fraud. *See* Ark. Code Ann. § 16-56-105 (2006). These documents were all filed of public record; and Plaintiffs have supplied no demonstration that limitations tolling should apply for any reason.

Indeed, these are publicly-filed documents, and there is no tolling and no argument of concealment. *See, e.g., Hughes v. McCann,* 13 Ark. App. 28, 32, 678 S.W.2d 784, 786 (1984) (recognizing "filing for public record and concealment are mutually exclusive acts"). Accordingly, the Court finds Plaintiffs' claims are time-barred and should be dismissed.

**4.     Conclusion:**

Based upon the foregoing and because Plaintiffs' claims are barred by the three-year statute of limitations, the Court finds Defendant's Motion for Summary Judgment (ECF No. 35) should be **GRANTED** and Plaintiffs' case should be dismissed with prejudice.[1]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 18th day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also recommends that all other pending motions in this case be **DENIED.**