IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THURMAN FULLER, et al.                                                                                   PLAINTIFFS

v.                                              Case No. 1:19-cv-1020

LION OIL TRADING &
TRANSPORTATION, LLC                                                                                      DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed May 18, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 67). Judge Bryant finds that Plaintiffs' claims in this case are barred by the applicable statute of limitations. Accordingly, Judge Bryant recommends that the Court grant Defendant's Motion for Summary Judgment and dismiss this case with prejudice.

Also before the Court is Plaintiff George Fuller and Plaintiff Clara Fuller's separate motions for extensions of time to object to the Report and Recommendation. (ECF Nos. 70, 72). Defendant has responded to both motions. (ECF No. 73). The Court finds these matters ripe for consideration.

### I. BACKGROUND

On May 15, 2019, Plaintiffs, seven siblings representing themselves *pro se*, brought this action. Plaintiffs seek, *inter alia*, to recover unpaid royalties from Defendant based on their alleged mineral interests. This case is currently at the summary judgment stage. The relevant briefing of issues occurred outside the normal sequence of the summary judgment procedure. Thus, it is necessary to discuss that process before proceeding to the instant Report and Recommendation.

On January 10, 2020, Defendant filed a motion for summary judgment. (ECF No. 35). Defendant contends that, although Plaintiffs at one time each owned mineral rights and royalty interests in land in Columbia County, Arkansas, they conveyed their royalty interests in that land to the Atlanta Exploration Company in 1994. In support of that argument, Defendant offers royalty conveyance forms executed by each Plaintiff in July 1994. Defendant argues that, because they have conveyed their royalty interests to another entity, Plaintiffs are not entitled to mineral royalties from Defendant, and thus, this case should be dismissed as a matter of law. No Plaintiff filed a response to the summary judgment motion by January 27, 2020, their deadline to do so.

On February 6, 2020, Plaintiff Clara Fuller filed an untimely motion for a sixty-day extension of time to respond to the summary judgment motion. (ECF No. 39). Judge Bryant granted that motion in part and gave Plaintiffs until February 27, 2020, to file a response. (ECF No. 43). On February 20, 2020, Plaintiff Clara Fuller filed a second motion for an extension of time to respond to the summary judgment motion. (ECF No. 44). Judge Bryant granted that request, giving Plaintiffs until March 31, 2020, to file their response. (ECF No. 49). Judge Bryant also cautioned Plaintiffs that they would not receive any additional extensions of time.

On March 2, 2020, Plaintiff George Fuller filed his own, separate response to Defendant's summary judgment motion. (ECF No. 45). In short, he argues that he did not convey his royalty interests to the Atlanta Exploration Company in 1994. Thus, he implies that someone forged his signature on the royalty conveyance form. On March 9, 2020, Defendant filed a reply to Plaintiff George Fuller's response. (ECF No. 47).

Also on March 9, 2020, Plaintiff Clara Fuller filed a motion to supplement her response to Defendant's summary judgment motion. (ECF No. 46). Judge Bryant denied that motion because she had not yet filed a response that could be supplemented. (ECF No. 50).

On April 1, 2020, Plaintiff George Fuller filed a motion for an extension of time to file a sur-reply to Defendant's reply brief. (ECF No. 52). That motion remains pending. Also on April 1, 2020, Plaintiff Clara Fuller filed a response to Defendant's summary judgment motion.[1] (ECF No. 53). Like Plaintiff George Fuller, Plaintiff Clara Fuller also argues that she did not convey her royalty interests and that any conveyance form bearing her signature is a forgery.

On April 6, 2020, Plaintiff George Fuller filed what is styled as objections to Defendant's March 9, 2020 reply brief.[2] On April 13, 2020, Defendant filed an omnibus reply brief, addressing both Plaintiff Clara Fuller and George Fuller's response briefs. (ECF No. 55).

On April 20, 2020, Judge Bryant entered an order observing that Plaintiffs' claims appear to be barred by the statute of limitations. (ECF No. 59). Judge Bryant ordered the parties to file supplemental briefs regarding the issue of the statute of limitations by May 11, 2020.[3]

On April 27, 2020, Plaintiff George Fuller filed a motion for a forty-five day extension of time to file a sur-reply to Defendant's omnibus reply brief. (ECF No. 60). On April 29, 2020, Plaintiff Clara Fuller filed a motion for a thirty-to-sixty day extension of time to file a sur-reply to Defendant's omnibus reply brief. (ECF No. 61). Defendant opposes both motions. (ECF No. 64). Both motions remain pending.

On May 1, 2020, Defendant filed its supplemental brief regarding the statute of limitations. (ECF No. 63). Defendant contends that Plaintiffs' claims are governed by a three-year statute of

---

[1] Although this response purports to be filed on behalf of all Plaintiffs, it is signed only by Plaintiff Clara Fuller. As the Court has repeatedly stated in this case, every filing "must be signed by at least one attorney of record" or, alternatively, by every self-represented party filing the paper. Fed. R. Civ. P. 11(a). Plaintiffs all proceed *pro se* in this matter and Plaintiff Clara Fuller, a non-lawyer, cannot sign filings on behalf of her co-Plaintiffs. *Alexander v. Medtronic, Inc.*, No. 2:12-CV-4104-NKL, 2012 WL 2049827, at *2 (W.D. Mo. June 6, 2012). Accordingly, Plaintiff Clara Fuller's response can only be considered as being filed on her own behalf.

[2] This filing, however, appears to be a sur-reply.

[3] This practice is consistent with Federal Rule of Civil Procedure 56, which authorizes a court to grant summary judgment on a ground not raised by a moving party after giving the parties notice and a reasonable time to respond. Fed. R. Civ. P. 56(f)(2).

limitations. Plaintiffs' purported execution of the conveyance forms occurred in 1994, so Defendant contends that their claims in this lawsuit are time barred. Defendant also argues that the statute of limitations cannot be tolled in this instance for fraudulent concealment because the conveyance forms were recorded in public property records. Accordingly, Defendant concludes that it is entitled to summary judgment and this case should be dismissed with prejudice. Plaintiffs did not file their supplemental briefs by the ordered deadline.

On May 18, 2020, Judge Bryant issued the instant Report and Recommendation. He finds that Plaintiffs' claims were filed well after the three-year limitations period and no basis exists to toll that time because the purported conveyance forms were publicly recorded. Thus, Judge Bryant finds that Plaintiffs' claims are time barred and recommends that the Court grant summary judgment to Defendant and dismiss this case with prejudice.

On May 28, 2020, Plaintiff Clara Fuller filed an untimely supplemental brief regarding the statute of limitations. (ECF No. 71). She concedes that fraud claims in Arkansas are governed by a three-year statute of limitations but argues that the time should be tolled due to fraudulent concealment because Plaintiffs had no knowledge of their ownership of mineral rights until April 2016, and thus, could not have reasonably detected the alleged fraud before then.

Also on May 28, 2020, Plaintiff Clara Fuller filed a motion for a forty-five day extension of time to object to the Report and Recommendation. (ECF No. 70). On May 29, 2020, George Fuller also filed a motion for a forty-five day extension of time to object. (ECF No. 72). Defendant opposes both motions. (ECF No. 73). Both motions remain pending.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a

party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). In the absence of objections, the Court "need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note, subd. (b); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (requiring a "clearly erroneous" standard of review for portions of a Report and Recommendation that were not objected to).

With this framework in mind, the Court now turns to the instant Report and Recommendation. Judge Bryant recommends that the Court grant summary judgment in Defendant's favor and dismiss this case with prejudice. He also recommends that all other pending motions should be denied. The Court will begin by addressing several ancillary motions that require a ruling before the Report and Recommendation can be discussed. Then the Court will turn to whether Plaintiffs' claims are time barred.

**A. George and Clara Fuller's Motion for Additional Time to Object**

The first motions that must be addressed are Plaintiffs George and Clara Fuller's separate motions for a forty-five day extension of time to object to the instant Report and Recommendation.

5

Plaintiff Clara Fuller requests an extension for several reasons. She states that she needs more time to research the issue of the statute of limitations. She states that she has a brief due on June 12, 2020, in a separate lawsuit currently pending before the Tenth Circuit Court of Appeals. She states that she needs to research Farmers Bank & Trust Co., in Magnolia, Arkansas. She also states she needs more time to research the "sources of the forgeries, false information and any evidence that Atlanta Exploration Company has any rights to Plaintiffs' minerals."

Plaintiff George Fuller also states that he needs more time to research the statute of limitations. He is incarcerated, and he states that the ongoing COVID-19 pandemic has made it more difficult for him to access his prison's law library. He also states that he has other deadlines in other lawsuits elsewhere. He states further that he is inexperienced and untrained in the law, and thus, it takes him a longer time to research and draft legal filings.

Defendant opposes both motions. It argues that Plaintiffs have repeatedly sought and received extensions of time, and that any further extensions of time would only delay the inevitable dismissal of this case. Defendant argues that Judge Bryant's recommendation of dismissal is based on the statute of limitations. Defendant contends that no amount of research will overcome the fact that Plaintiffs' claims have been time barred for decades.

As stated above, parties ordinarily have fourteen days to object to a report and recommendation. Fed. R. Civ. P. 72(b)(2). However, where, as in this case, the parties do not utilize the CM/ECF notification system, they instead receive seventeen days to object. Fed. R. Civ. P. 6(d). A party must show good cause to warrant an extension of time to object. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (internal quotation marks omitted).

Upon careful consideration, the Court finds, for three reasons, that neither George nor Clara Fuller have presented good cause for an extension. First, their motions ignore Judge Bryant's March 11, 2020 order that Plaintiffs would not receive any more extensions of time. (ECF No. 49). That restriction has not been lifted, and the Court finds that it is still in effect, precluding the requested extensions. Thus, the requests should be denied on that basis. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) (finding no abuse of discretion in the district court's denial of a party's second motion for an extension of time to respond to a summary judgment motion where, among other things, the district court previously granted an extension of time and warned that no further extensions would be granted).

Second, their motions violate the Local Rules. Every motion for an extension of time must be accompanied by a statement that the movant has contacted the adverse parties and must state whether the adverse party opposes the motion. Local Rule 6.2(b). Alternatively, the motion must be accompanied by a statement setting out extraordinary circumstances that prevent the parties from conferring. *Id.* Any motion that fails to comply with this requirement may be denied on that basis, without more. *Id.* The Court is mindful that Plaintiffs George and Clara Fuller are *pro se*. However, even *pro se* parties are charged with knowledge of the Local Rules and must comply with them. *Jetton v. McDonnell Douglas*, 121 F.3d 423, 426 (8th Cir. 1997); *see also Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (providing that *pro se* litigants are not excused from complying with court orders, substantive law, and procedural law). Neither of the motions for additional time to object contain the statement required by Local Rule 6.2(b), and the Court finds that the motions should be denied on that basis.

Third, the Court does not believe that good cause has been shown for the requested extensions. The Court is sympathetic that Plaintiffs are proceeding *pro se* and are untrained in the law. However, these reasons do not warrant additional time, particularly in light of the fact that

Plaintiffs have sought thirty to sixty-day extensions for virtually every motion-practice deadline they have had in this case.[4] (ECF Nos. 22, 29, 39, 44, 52, 60, 61, 70, 72). All but one of these motions was premised, at least in part, on the movant's *pro se* status and their obligations in other *pro se* lawsuits they are litigating. The Court has tried to be understanding and lenient, and the Court has granted numerous extensions in this case for those reasons. However, those reasons cannot become the basis for routinely requesting extensions in a particular case and, at a certain point, more is required to show good cause for an extension.[5] The Court believes that point has been reached.

Moreover, Plaintiffs have missed several deadlines in this case, such as their initial deadline to respond to Defendant's summary judgment motion and, for most Plaintiffs, their second extended summary judgment response deadline. Plaintiffs do not explain what research they need to conduct, what factual issues they need to investigate, or how either is relevant to the issue of the statute of limitations. Nor do they explain why the seventeen-day period allowed for objections is insufficient. In Plaintiff George Fuller's case, he also does not allege that he is prevented altogether from accessing his prison law library, only that his access is restricted to certain days. For these reasons, Plaintiffs have not established the primary measure of good cause: their diligence in attempting to meet deadlines. *Albright*, 926 F.3d at 951.

---

[4] Plaintiff Clara Fuller's requests for time to investigate Magnolia Bank & Trust Co. and the Atlanta Exploration Company also do not justify additional time to object. She does not explain what relevance her investigation of Magnolia Bank & Trust Co. has with respect to the statute of limitations. Moreover, Plaintiffs currently have a separate lawsuit pending in this Court against Atlanta Exploration Company, based on similar facts as those in this case. *Fuller v. Atlantic Exploration Company*, No. 1:20-cv-1019. Again, it is unclear what relevance an investigation into a defendant in a separate lawsuit has for purposes of this case. Thus, the Court fails to see how either request warrants additional time to file objections regarding the statute of limitations issue in this case.

[5] Otherwise, every *pro se* party would essentially be entitled to an extension for every deadline simply by virtue of being *pro se*, especially if that party is simultaneously litigating other cases. This would yield an undesirable result by negating the Court's ability to control its docket and set schedules in cases. *See Biby v. Kan. City Life Ins. Co.*, 629 F.2d 1289, 1293 (8th Cir. 1980) ("It is critical to a trial court's power of control over its own docket and its ability to effectively serve all litigants seeking its service that it maintain control over the progress of cases before it, including control over any extensions of time that may be granted.").

Accordingly, the Court finds that Plaintiffs have not shown good cause for an extension of time to object. The Court finds that these motions should be denied. The Court notes, however, that Plaintiff Clara Fuller's May 28, 2020 supplemental brief contains most of the propositions of law cited and relied upon in Judge Bryant's Report and Recommendation.[6] Her supplemental brief argues that the statute of limitations should be tolled for fraudulent concealment. The Court will consider this document to the extent that it could be construed as objections to the Report and Recommendation.

**B. Motions for Additional Time to File Sur-Replies**

There are currently two pending motions for extension of time to file a sur-reply filed by Plaintiff George Fuller (ECF Nos. 52, 60), and one such motion from Plaintiff Clara Fuller. (ECF No. 61). Judge Bryant recommends that the Court deny those motions in light of his recommendation that this case should be dismissed.

The Court agrees that these motions should be denied. As a preliminary matter, it appears that Plaintiff George Fuller's first motion for time to file a sur-reply (ECF No. 52) is now moot. In that motion, he sought leave to file a sur-reply addressing Defendant's March 9, 2020 reply brief. On April 6, 2020, he filed a document styled as objections to the March 9, 2020 reply brief. However, this document responds to arguments made in the reply brief, so the Court believes that it is the sur-reply that George Fuller sought time to file. Accordingly, that motion (ECF No. 52) should be denied as moot.

That aside, all three motions should be denied for failure to establish the need for a sur-reply. Neither the Federal Rules of Civil Procedure nor the Local Rules contemplate sur-replies

---

[6] Moreover, Plaintiff Clara Fuller's supplemental brief was untimely filed and came almost a month after Defendant filed its supplemental brief. Thus, she had the benefit of using Defendant's supplemental brief as a starting point when researching and drafting her own. Judge Bryant's Report and Recommendation and Defendant's supplemental brief discuss and apply the same statements of law. Consequently, the Report and Recommendation contains no newly raised authorities that would warrant additional time for research.

to motions. *See* Local Rule 7.2(b) (contemplating only a fourteen-day response deadline and, for summary judgment motions, an additional seven-day reply deadline); s*ee also Atuahene v. S. D. State Univ.*, No. CIV. 07-4099-KES, 2009 WL 1586952, at *8 (D.S.D. June 4, 2009) (noting that the Federal Rules of Civil Procedure do not contemplate sur-replies as a matter of right). However, parties may seek permission to file a sur-reply. *Atuahene*, 2009 WL 1586952, at *8.

Sur-replies are largely disfavored in federal court. *Fleshner v. Tiedt*, No. 15-CV-2033-CJW, 2019 WL 271619, at *2 (N.D. Iowa Jan. 18, 2019); *see also In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006) ("Sur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) (stating that leave to file a sur-reply is granted only in "extraordinary circumstances"). However, the Court has discretion to allow sur-replies when justice so requires. *Fleshner*, 2019 WL 271619, at *2. A sur-reply might be considered appropriate when the preceding reply "contained new information for which the opportunity to respond is needed." *Atuahene*, 2009 WL 1586952, at *8 (internal quotation marks omitted); *see also Fleshner*, 2019 WL 271619, at *2 (noting that a sur-reply is unwarranted when the preceding reply does not raise new arguments).

None of the three motions for additional time to file a sur-reply discuss why a sur-reply is necessary. The motions contain no discussion of any new information contained in Defendant's reply briefs that Plaintiffs George and Clara Fuller ought to be allowed to respond to. As discussed above, sur-replies are largely disfavored and are only allowed in extraordinary circumstances. The three motions have not shown that extraordinary circumstances are present here. Accordingly, the Court agrees with Judge Bryant that these motions should be denied.

**C. Statute of Limitations**

Judge Bryant finds that Plaintiffs' claims are time barred. He also finds that the statute of limitations cannot be tolled in this instance due to fraudulent concealment because the purported conveyances were publicly recorded in 1994. The Court agrees.

The Court sits in diversity in this case, so it must apply Arkansas substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The parties agree that Plaintiffs' claims are governed by a three-year statute of limitations period, beginning once the cause of action accrues. Ark. Code. Ann § 16-56-105. It is also undisputed that the limitations period can be tolled for fraud if the wrongdoing was affirmatively concealed. *Walters v. Lewis*, 276 Ark. 286, 290, 634 S.W.2d 129, 132 (1982). However, "if the plaintiff, by reasonable diligence, might have detected the fraud, he is presumed to have had reasonable knowledge of it." *Hampton v. Taylor*, 318 Ark. 771, 778, 887 S.W.2d 535, 539 (1994) (quoting *Wilson v. Gen. Elec. Capital Auto Lease, Inc.,* 311 Ark. 84, 87, 841 S.W.2d 619, 620-21 (1992)). If a fraudulently executed document is filed in the public record, the party alleging fraud is charged with knowledge of the document on the date of its recording. *Hughes v. McCann*, 13 Ark. App. 28, 31-32, 678 S.W.2d 784, 786 (1984) (citing *Teall v. Schroder*, 158 U.S. 172 (1895)).

The summary judgment record before the Court shows that the oil and gas leases and royalty conveyances that form the basis of Plaintiffs' claims were recorded in the Columbia County real estate records in 1993 and 1994, respectively. Plaintiffs contend that these conveyances were fraudulently executed. Plaintiff Clara Fuller also contends that Plaintiffs did not know about their mineral rights and royalty interests until recently, and thus, they had no reason until then to search for and discover the purportedly fraudulent conveyances. Even if that is true, the royalty conveyances were nonetheless publicly recorded over twenty years ago. Thus, Plaintiffs were charged with knowledge of the royalty conveyances by no later than 1994. *Id.* Plaintiffs filed this case in 2019. Accordingly, the three-year statute of limitations has run, and

11

Plaintiffs' claims are time barred.[7]  For this reason, the Court finds that Defendant is entitled to summary judgment as a matter of law and this case should be dismissed.[8]

### IV.  CONCLUSION

For the above-discussed reasons and upon *de novo* review, the Court finds that Plaintiffs offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation.  Accordingly, to the extent that Plaintiffs have filed documents that can be construed as objections, the Court overrules them and adopts the Report and Recommendation. (ECF No. 67).  On the Court's own motion and for the reasons stated above, the Court grants summary judgment in favor of Defendant based on the expiration of the statute of limitations governing Plaintiffs' claims.  *See* Fed. R. Civ. P. 56(f)(2).  This case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of June, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[7] Even if the Court tolls the statute of limitations until April 2016, when Plaintiff Clara Fuller claims that Plaintiffs became aware of their ownership of mineral rights, Plaintiffs' claims are still time barred because they did not file this case until May 14, 2019, over three years later.

[8] Rather than grant Defendant's summary judgment motion that concerns the merits of Plaintiffs' claims, the Court will grant summary judgment on its own motion pursuant to Fed. R. Civ. P. 56(f)(2).