IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THURMAN FULLER, et al.                                                                                          PLAINTIFFS

v.                                              Case No. 1:19-cv-1020

LION OIL TRADING &
TRANSPORTATION, LLC                                                                                         DEFENDANT

## ORDER

Before the Court is Plaintiffs George Fuller and Clara Fuller's separate Motions to Alter or Amend Judgment Under Rule 59(e).  (ECF Nos. 81, 82).  The Court finds that no response is necessary for either motion.

On May 14, 2019, Plaintiffs, seven siblings representing themselves *pro se*, brought this action to recover unpaid mineral royalties from Defendant.  On June 9, 2020, the Court adopted a Report and Recommendation issued by United States Magistrate Judge Barry A. Bryant and granted summary judgment in favor of Defendant, thereby dismissing Plaintiffs' claims with prejudice.  On June 24, 2020, Plaintiff Clara Fuller filed a notice of appeal, purportedly on behalf of all Plaintiffs.  As of the date of this order, Plaintiffs' appeal remains pending in the Eighth Circuit, case number 20-2295, and the Eighth Circuit set a briefing schedule on July 7, 2020.

Also on July 7, 2020, Plaintiffs George and Clara Fuller filed with this Court separate motions to alter the Court's June 9, 2020 judgment pursuant to Federal Rule of Civil Procedure 59(e).  They argue that, for various reasons, the Court erred in adopting Judge Bryant's Report and Recommendation.  Thus, they ask the Court to vacate its judgment, deny Defendant's summary judgment motion, and allow this case to proceed through discovery and an eventual trial.  The instant motions will be denied for the following reasons.

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This rule "is a judge-made doctrine, designed to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time." *United States v. Booth*, No. 3:10-CR-00044-RP-TJS, 2011 WL 13195928, at *1 (S.D. Iowa Sept. 30, 2011) (quoting 20 James Wm. Moore et al., *Moore's Federal Practice* § 303.32 [1] (3d ed. 2010)). There are exceptions, such as when the appellant files a Rule 59 motion prior to filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A) (providing that a filed notice of appeal becomes effective after the district court's disposition of a previously filed Rule 59 motion). However, no such exception applies in this case because Plaintiffs filed a notice of appeal on June 24, 2020, well before they filed the instant motions. Accordingly, the Court finds that it lacks jurisdiction to consider the instant Rule 59 motions, which concern the issue currently on appeal, namely, whether the Court properly granted summary judgment for Defendant. So long as Plaintiffs' appeal is pending, the Court "may not reexamine or supplement the order being appealed." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). The instant motions should be denied on this basis.

Assuming *arguendo* that the Court somehow has jurisdiction to consider the motions, it would still deny them. Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions do not allow a party to relitigate matters previously resolved by the Court or to raise arguments or present evidence that could have been presented prior to the entry of judgment. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013).

The instant motions attempt to relitigate the primary issue in the Court's summary judgment opinion—whether equitable tolling based on fraudulent concealment applies in this case to resurrect Plaintiffs' otherwise time-barred claims. Plaintiffs make no new arguments on this point and only reiterate arguments the Court previously considered, such as their contention that until recently, they had no reason to search the Columbia County, Arkansas real estate records to find the allegedly fraudulent conveyances bearing their names, so equitable tolling should apply until the date they learned of the conveyances' existence. Rule 59(e) does not allow Plaintiffs "to reargue matters already argued and disposed of or . . . to relitigate a point of disagreement between the Court and the litigant." *Stricklin v. Dolgencorp LLC*, No. 3:11-cv-0246-KGB, 2013 WL 2096211, at *1 (E.D. Ark. May 14, 2013). George and Clara Fuller also offer various exhibits in support of their respective Rule 59(e) motions, but do not discuss whether these exhibits are newly discovered or whether they could have been offered before now. Consequently, the Court concludes that Plaintiffs have not shown a manifest error of law or fact that requires Rule 59(e) relief.

The Court recognizes that Plaintiffs disagree with the disposition of this case. However, their appeal is underway, and this case has moved to the appellate forum. Plaintiffs are advised that they should focus their efforts on their pending appeal and should make their arguments to the Eighth Circuit, rather than simultaneously attempting to litigate this case in two courts.

For the above-stated reasons, the Court finds that the instant motions (ECF Nos. 81, 82) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 8th day of July, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge